IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CWP Energy Inc., | ) |
| Plaintiff, | ) Case No.: 2:24-cv-00049 |
| v. | ) The Honorable Arthur J. Schwab |
| Joshua A. Becker, Curtis Z. Ball, Stephen D. Mesh, and JJMLB LLC, | ) |
| Defendants. | ) |

**STIPULATION OF SETTLEMENT AND DISMISSAL**

Plaintiff CWP Energy Inc. ("CWP"), and Defendants Joshua A. Becker, Curtis Z. Ball, Stephen D. Mesh, and JJMLB LLC ("Defendants") (collectively, the "Parties"), by and through their respective undersigned counsel, file this Stipulation of Settlement and Dismissal, pursuant to Rule 41 of the Federal Rules of Civil Procedure.

1. CWP commenced this action by filing its Verified Complaint against Defendants, on January 12, 2024. Dkt. 1.

2. Defendants filed and Answer and asserted Counterclaims on January 22, 2024. Dkt. 27.

3. At the status conference held on January 23, 2024, the Parties reached an agreement in principle to settle and dismiss all claims and counterclaims, which was read into the record.

4. As agreed, the Parties entered into the Global Settlement Agreement and General Release of All Claims ("Settlement Agreement"), attached as **Exhibit** "**A**."

5. All terms of the Settlement Agreement are hereby incorporated into this Stipulation of Settlement and Dismissal, including but not limited to Section 7.13.

6. The Parties, with approval by the Court, intend for the Honorable Arthur J. Schwab of the United States District Court of the Western District of Pennsylvania to retain subject matter

jurisdiction over this dispute to enforce the Settlement Agreement or adjudicate any dispute arising from the Settlement Agreement.

7. Subject to the above stipulated terms, the Parties dismiss all claims in the present action.

So stipulated and agreed to by and between counsel this 2nd day of February 2024.

Respectfully submitted,

| | |
|---|---|
| */s/ Alison R. Viola* | */s/ Malcolm James Ingram* |
| Brian T. Must, Esquire | Joel Eads, Esquire |
| Pa. I.D. No. 49657 | Pa. I.D. No. 72786 |
| Alison R. Viola, Esquire | Malcolm James Ingram, Esquire |
| Pa. I.D. No. 324768 | Pa. I.D. No. 323201 |
| Metz Lewis Brodman Must O'Keefe LLC | Greenberg Traurig, LLP |
| 444 Liberty Ave, Suite 2100 | 1717 Arch Street, Suite 400 |
| Pittsburgh, PA 15222 | Philadelphia, PA 19103 |
| Telephone: (412) 918-1100 | Telephone: (215) 988-7800 |
| Fax: (412) 918-1199 | Fax: (215) 717-5239 |
| bmust@metzlewis.com | joel.eads@gtlaw.com |
| aviola@metzlewis.com | ingramm@gtlaw.com |
| | |
| *Counsel for Plaintiff* | Louis A. DePaul, Esquire |
| | Pa. I.D. No. 93823 |
| | Eckert Seamans Cherin & Mellott, LLC |
| | 600 Grant Street, 44th Fl. |
| | Pittsburgh, PA 15219 |
| | Telephone: (412) 566-6000 |
| | Fax: (412) 566-6142 |
| | ldepaul@eckertseamans.com |
| | |
| | *Counsel for Defendants* |

**IT IS SO ORDERED.**

February 2nd, 2024

    s/ Arthur J. Schwab

Honorable Arthur J. Schwab
United States Senior District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2024, a true and correct copy of the foregoing Stipulation of Settlement and Dismissal was served upon the following by ECF notification:

Joel Eads, Esquire
Malcolm James Ingram, Esquire
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA  19103
*Joel.Eads@gtlaw.com*
*ingramm@gtlaw.com*

Louis A. DePaul, Esquire
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44 Floor
Pittsburgh, PA  15219
*ldepaul@eckertseamans.com*
*(Counsel for Defendants)*

      */s/ Alison R. Viola*
      Brian T. Must, Esquire
      Alison R. Viola, Esquire



# GLOBAL SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This GLOBAL SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS (the "Agreement"), by and among CWP Energy Inc. ("CWP"), a Quebec, Canada corporation with its principal place of business in Montreal ("Plaintiff"), and Joshua Becker ("Becker"), Curtis Ball ("Ball"), Stephen Mesh ("Mesh"), and JJMLB, LLC, a Pennsylvania limited liability company ("JJMLB") ("collectively, Becker, Ball, Mesh, and JJMLB are "Defendants") is effective as of the last date on which a party hereto executes the Agreement (the "Effective Date"). Each of the parties may be referred to herein below individually as a "Party" and collectively they are the "Parties."

**WHEREAS**, Becker, Ball, Mesh and JJMLB were employed by, and/or Parties to contracts with, CWP (the " Contracts");

**WHEREAS**, on December 18, 2023, Becker, Ball, and Mesh resigned their positions and JJMLB sought return of its Contribution Amount[1];

**WHEREAS**, CWP Energy has asserted various claims against Defendants under their Contracts and otherwise, and Defendants have asserted various counterclaims against CWP in a civil action styled *CWP Energy Inc. v. Becker, et al.*, Civil Action No. 2:24-cv-49 (AJS), which is pending in the United States District Court for the Western District of Pennsylvania (the "US Action"); and

**WHEREAS**, on January 8, 2024, JJMLB instituted proceedings against CWP before the Superior Court of Montreal in file number 500-17-128248-245 seeking payment of its Contribution Amount of CDN$1,719,310 (the "Canada Action");

**AND WHEREAS**, the Parties desire to settle and finally resolve all disputes, made or that could have been made, arising out of, relating to, or in any way touching upon the Contracts, Defendants' employment with CWP, the US Action and/or the Canada Action and to dismiss the US Action and Canada Action with prejudice.

**NOW THEREFORE**, in consideration of the foregoing premises and the mutual promises, covenants, and conditions contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree as follows:

**1.      INCORPORATION OF PREAMBLE:** The Parties agree that all of the above recitals are incorporated in the Agreement as material provisions thereof.

**2.      SETTLEMENT PAYMENTS:** CWP shall:

(i)      return a portion of the Contribution Amount to JJMLB in the amount of Three Hundred Thousand Dollars and Zero Cents ($300,000.00). CWP shall retain the remaining One Million Dollars and Zero Cents ($1,000,000.00) of the Contribution Amunt; and

---

[1] As that term is defined in the December 21, 2021 Commercial Agreement by and between JJMLB and CWP.

1

      (ii)    pay Messrs. Ball and Mesh their final paychecks for the pay period of December 18, 2023 through January 5, 2024, less withholdings and any other legally required deductions.

CWP shall comply with Section 2 no later than ten (10) days after the Effective Date of this Agreement.

**3. MUTUAL RELEASES:** In consideration of the covenants, agreements, and undertakings of the Parties under this Agreement, each Party, on behalf of itself and its respective present and former parents, subsidiaries, affiliates, officers, directors, shareholders, members, stakeholders, successors, and assigns (collectively, "Releasors") hereby releases waives, and forever discharges the other Party and its/his respective present and former, direct and indirect, parents, subsidiaries, affiliates[2], employers, employees, officers, directors, shareholders, members, stakeholders, agents, representatives, permitted successors, permitted assigns, and heirs (collectively, "Releasees") of and from any and all actions, causes of action, suits, losses, liabilities, rights, debts, dues, sums of money, accounts, reckonings, obligations, costs, expenses, liens, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands, of every kind and nature whatsoever, whether now known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, in law, admiralty, or equity (collectively, "Claims"), which any of such Releasors ever had, now have, or hereafter can, shall, or may have against any of such Releasees for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of this Agreement arising out of or relating to Defendants employment or business relationship with CWP, the Contracts, except for any surviving obligations under the Contracts and Claims relating to rights and obligations preserved by, created by, or otherwise arising out of this Agreement. To avoid ambiguity, this Agreement expressly releases Claims arising under the laws of the Province of Québec, including, but not limited to, the Act Respecting Labor Standards, the Charter of Human Rights and Freedoms, the Act Respecting Industrial Accidents and Occupational Disease, the Civil Code of Quebec, and any other employment-related legislation.

**4. DISMISSAL OF THE US ACTION AND CANADIAN ACTION:** Before noon on January 29, 2024 the Parties shall direct their respective counsel to file with the United States District Court for the Western District of Pennsylvania a Stipulation of Dismissal. Within seven (7) business days after the Effective Date, the Parties shall direct their respective counsel to file with the Superior Court of Montreal a Declaration of Settlement Out of Court, each party paying its costs.

**5. NON-SOLICITATION:** Defendants agree and covenant not to directly or indirectly solicit, hire, or recruit any CWP employee for two (2) years from the Effective Date.

**6. COVENANT NOT TO SUE**: The Parties agree not to file or initiate any lawsuit in any court or arbitration proceeding asserting any of the Released Claims against any of the

---

[2] Affiliates includes all entities or third-parties that were made, or could have been made, a party to the US Action and Canada Action.

Releasees, except for enforcement of this Agreement.

**7.    GENERAL PROVISIONS:**

**7.1    Binding Effect:** This Agreement shall be binding upon and shall inure to the benefit of the Parties, their successors, heirs and assigns to the fullest extent permitted by law.

**7.2    General Disclaimer:** Except as expressly set forth in this Agreement, each Party hereby disclaims all other warranties, express, implied, and/or statutory.

**7.3    Non-Admission of Liability:** The Parties agree that this Agreement constitutes (i) a compromise of disputed claims, (ii) is entered into to avoid the costs, expense, and inconvenience of further litigation, and (iii) that nothing in this Agreement nor any consideration given herein shall be construed as an admission or concession of liability, obligation, or wrongdoing by any party hereto.

**7.4    Representations:** The Parties represent and warrant that execution of this Agreement has been duly authorized by all necessary corporate action, and it has all requisite legal rights necessary to grant the Releasees the releases set forth herein.

**7.5    Non-Waiver:** Failure to act upon or waiver by either of the Parties of any breach of any provision hereof by the other Party shall not be construed to be a waiver of any succeeding breach of such provision or a waiver of the breached provision itself.

**7.6    Payments and Notices:**

(a)    Any notice to be given to a Party under or in connection with this Agreement shall be in writing in English and shall be (a) by email or mail, and (b) confirm delivery by one of the following: (i) email read receipt; (ii) personal delivery; (iii) delivery by an internationally recognized overnight courier; or (iv) delivery by certified mail, postage prepaid, return receipt requested, to the Party at the address or email address for such Party. Such notices shall be deemed given upon receipt.

(b)    Unless otherwise changed by written notice, any payment, notice, or other communication to be made between the Parties with respect to anything relating to this Agreement shall be delivered to the below-listed addresses:

**For CWP**

Alain Brisebois
315-407 McGill St.
Montreal, Quebec H2Y 2G3
Canada
alain@cwpenergy.com

with a copy (which shall not constitute notice) to:

    Brian Must, Esq.
    Alison Viola, Esq.
    Metz Lewis Brodman Must O'Keefe
    444 Liberty Avenue, Suite 2100
    Pittsburgh, Pennsylvania 15222
    Bmust@metzlewis.com
    Aviola@metzlewis.com

    **For Defendants**

    Joshua Becker
    521 Ridge Ct
    Wexford, PA 15090
    jbaep@yahoo.com

    with a copy (which shall not constitute notice) to:

    Joel Eads, Esq.
    Malcolm J. Ingram, Esq.
    Greenberg Traurig, LLP
    1717 Arch Street, Suite 4000
    Philadelphia, PA 19103
    Joel.eads@gtlaw.com
    ingramm@gtlaw.com

**7.7    Return of CWP Property:** The Defendants confirm that they have each returned all property relating to or belonging to CWP that was in their possession or control, including, without limitation, CWP computer or laptop, cell phones, keys, passwords, access codes, and any and other documents or information and all copies thereof. Defendants further confirm that they do not possess any of CWP's confidential, proprietary, or trade secret information, and to the extent they did possess said information, that information has either been returned to CWP or destroyed.

**7.8    Entire Agreement:** This Agreement constitutes the entire agreement and understanding between and among the Parties with respect to the subject matter contained herein and supersedes any and all prior agreements, negotiations, representations, understandings, arrangements and communications, whether oral or written, between the Parties relating to the subject matter hereof.

**7.9    Amendments:** No amendment, change, modification or alteration of the terms and conditions of this Agreement shall be binding upon a Party unless first agreed to in writing and signed by a recognized and authorized representative of the Party to be charged.

**7.10   Language:** The parties confirm that they have requested that the present Agreement be drafted in the English language. Les parties confirment qu'elles ont demandé à c que la présente soit rédigée en anglais.

**7.11   No Strict Construction:**  The language of this Agreement shall be construed as a whole, according to its fair meaning and intent, and not strictly for or against any Party given rights hereunder, regardless of who drafted or is principally responsible for drafting this Agreement or any specific term or condition hereof.  This Agreement shall be deemed to have been drafted by all the Parties given rights herein, and no person, firm or Party hereto shall urge otherwise.

**7.12   Severability:**  Should any portion of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part(s), term(s), or provision(s) shall be deemed not to be a part of this Agreement.

**7.13   Governing Law/Forum:** This Agreement shall be construed pursuant to the laws of the Commonwealth of Pennsylvania, without reference to its conflicts of laws principles. The Parties irrevocably consent to the continuing jurisdiction of the Honorable Arthur J. Schwab, Judge of the Western District of Pennsylvania, with respect to any dispute arising from, or relating to, this Agreement.

**7.14   Counterparts:** This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed by their respective duly authorized officers or themselves as of the date indicated below.

CWP Energy Inc.

Name: _ALAIN BRISEBOIS_

Signature: _[signature]_

Dated: _2/2/2024_

JJMLB  LLC

Name: _____

Signature: _____

Dated: _____

**7.10   Language:** The parties confirm that they have requested that the present Agreement be drafted in the English language. Les parties confirment qu'elles ont demandé à c que la présente soit rédigée en anglais.

**7.11   No Strict Construction:** The language of this Agreement shall be construed as a whole, according to its fair meaning and intent, and not strictly for or against any Party given rights hereunder, regardless of who drafted or is principally responsible for drafting this Agreement or any specific term or condition hereof.  This Agreement shall be deemed to have been drafted by all the Parties given rights herein, and no person, firm or Party hereto shall urge otherwise.

**7.12   Severability:** Should any portion of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part(s), term(s), or provision(s) shall be deemed not to be a part of this Agreement.

**7.13   Governing Law/Forum:** This Agreement shall be construed pursuant to the laws of the Commonwealth of Pennsylvania, without reference to its conflicts of laws principles. The Parties irrevocably consent to the continuing jurisdiction of the Honorable Arthur J. Schwab, Judge of the Western District of Pennsylvania, with respect to any dispute arising from, or relating to, this Agreement.

**7.14   Counterparts:** This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed by their respective duly authorized officers or themselves as of the date indicated below.

CWP Energy Inc.

Name: _____

Signature: _____

Dated: _____

JJMLB LLC

Name: Joshua Becker

Signature: _[signed]_ 824F91B2D8AD4E6...

Dated: 2/2/2024

5

Joshua Becker

Signature: _____

Date: 2/2/2024

Curtis Ball

Signature: _____

Date: 2/2/2024

Stephen Mesh

Signature: _____

Date: 2/2/2024

6